# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT JUNE TERM, 1861.

LEWIS vs. ELROD.

[BILL IN EQUITY TO PROTECT REMAINDER IN SLAVES.]

1. *Separate estate of wife; how created by deed.*—In a deed of gift to an unmarried woman, a provision declaring that, "should she hereafter marry, the said property is not to be subject to the debts of her husband," does not create a separate estate in the donee.

2. *Parties to bill to protect wife's separate estate.*—A bill to establish and protect a married woman's statutory separate estate in slaves, in which she claims a remainder, is properly filed in her name, by her next friend; and her husband is properly made a defendant, though he is a mere formal party, where the controversy is between the wife and one who claims the absolute property in hostility to her; but a vendor of the persons from whom the defendant purchased, who conveyed without warranty of title, is neither a necessary, nor a proper party to the bill.

3. *Where bill may be filed.*—When a bill is filed in a chancery district in which no " material defendant resides," (Code, § 2875,) and the defect appears on the face of the bill, it is demurrable; a " material defendant," within the meaning of the statute, being one who is really interested in the suit, and against whom a decree is sought.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. WADE KEYES.

2

THE bill in this case was filed by Mrs. Louisiana V. Lewis, suing by her next friend, against her husband, Otis F. Lewis, together with George Elrod, Gray Beavers, J. T. Bradford, J. T. Morgan, S. F. Rice, and Mrs. Eleanor Wright. Its object was to establish and protect, by injunction, writ of seizure, and other appropriate process, the complainant's interest in certain slaves, in which she claimed a separate estate in remainder, under a deed of gift from W. M. Moore and Eleanor, his wife, (now Mrs. Eleanor Wright,) of which the following is a copy:

"Know all men by these presents, that we, William M. Moore and Eleanor S. Moore, his wife, both of the State of Alabama and county of Shelby, being impressed with the uncertainty, and being desirous of making some provision for the better maintenance, education, and future support of Louisiana Virginia Baily, daughter of Edmund J. Baily, deceased, have this day, in consideration of the love and affection we bear to the said Louisiana Virginia, and for the further consideration of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, given and granted to the said Louisiana Virginia, and, by these presents, do give and grant unto her the following slaves," (specifying them,) "together with all the future increase of said negroes; to her during her life-time, and to descend to her heirs; with this express condition, that, should she hereafter marry, the property is in that event not to be subject to the debts of her husband; but should she die without issue, then the property is to revert back to her brothers and sisters; with this further condition, that the slaves herein conveyed are to belong to us during our life-time, and to be in no sense subject to the control of the said Louisiana Virginia Baily until after our decease; but after that, we wish the conveyance herein made to be in force and effect. In testimony whereof," &c.

The bill alleged, that, at the time this deed was executed, the slaves mentioned in it belonged to the said William M. Moore; that in 1850, after the death of said Moore, his widow intermarried with one Samuel Wright; that in Jan-

uary, or February, 1851, Wright and wife sold and conveyed the slaves to the defendants Bradford, Rice, Morgan and Beavers, who afterwards sold and conveyed to the defendant Elrod; that each of these conveyances purported to transfer the entire and absolute interest in the slaves; that the complainant married Otis F. Lewis in December, 1855; that said Otis F. Lewis and Mrs. Eleanor Wright resided in Wilcox county, and that the other defendants resided in other counties in the State. The bill prayed, that an injunction, writ of seizure, or other proper process, might be issued against the defendant Elrod, to restrain him from removing the property out of the State; that the complainant's separate estate in remainder in the slaves might be declared and established by the decree of the court; that Elrod might be required to give bond, with good sureties, conditioned for the forthcoming of the slaves on the determination of the preceding life-estate; and for other and further relief.

The defendants demurred to the bill, for want of equity, because it was filed in the wrong county, and on several other grounds. The chancellor sustained the demurrer, and dismissed the bill, but without prejudice to the complainant's rights, at the costs of her next friend; and his decree is now assigned as error.

ALEX. & JOHN WHITE, for appellant.

D. W. BAINE, contra.

A. J. WALKER, C. J.—The deed of gift by Moore and wife did not create a separate estate in the complainant. The clause of the deed which declares that the property shall not be subject to the husband's debts, does not have the effect of creating a separate estate.—*Gillespie v. Burleson*, 28 Ala. 551; *Bender v. Reynolds*, 12 Ala. 446. But our first married-woman's law was passed on the first of March, 1848.—Pamphlet Acts of 1847-8, p. 79. The deed is dated in 1849. The complainant married on the 20th December, 1855. There can be no question, that

whatever right the complainant may have by virtue of the deed, is her separate estate under the law. This being the case, the bill is appropriately filed by the wife, through her *prochein amy;* and the husband is, with equal propriety, made a defendant.—1 Dan. Ch. Pl. & Pr. 143; *Michan v. Wyatt,* 21 Ala. 813; *Gerald and Wife v. McKenzie,* 27 Ala. 166.

As the bill is filed to protect the wife's separate statutory interest in personal property, the husband is a mere formal party. It is true that, it he should live until the possession of the property is obtained, he may be entitled to receive the income as the wife's trustee, without liability to account for the same. But that prospective right of his is not in litigation in the case. The controversy is between the wife, claiming a separate estate in remainder, and a defendant who claims the absolute title in hostility to her.

Another defendant is Mrs. Wright. She joined with her husband in a conveyance of the slaves to four persons, who conveyed to the defendant Elrod. The conveyance in which Mrs. Wright joined is not alleged to have contained any warranty of title; but we may infer that it did not contain such warranty, for, in passing upon a demurrer to a bill, we can not aid the bill by supplying averments. The only connection which Mrs. Wright has with the case, is that she is the transferror, without warranty, to the vendors of the person who now holds the property. Whatever interest she may have ever had in the property, was all gone. She had no right or claim of any kind which could be, either directly or indirectly, affected by this suit. She was neither a necessary, nor a proper party defendant. *Mims v. Mims,* 35 Ala. 23; *Gunn v. Brantley,* 21 Ala. 633; *Haley v. Bennett,* 5 Porter, 452; *Batre v. Auze,* 5 Ala. 173.

[3.] The two defendants to whom we have alluded, are the only ones who are residents of the chancery district in which the bill was filed; and the other parties who have an interest in the suit reside in other counties of this State. The Code requires, that in such a case the bill should "be

filed in the district in which the defendants, or a *material* defendant, resides."—Code, § 2875. The signification of the word "*material*" is important. The object of the statute was to prevent, as far as possible, the imposition upon those charged with the defense of chancery suits, of the burden and inconvenience of litigating in counties remote from their residences. Hence, it was necessary to discriminate between those defendants whose attitude in reference to the case does not make them real participants in the litigation, and those who occupy in reference to the suit the opposite character. The word *material* has been employed to describe parties of the latter class; and it is, perhaps, as apt an expression for the purpose as could have been found. The material defendant is one who is really interested in the suit, and against whom a decree is sought. Neither of the defendants resident in Wilcox county was a material defendant, and for that reason the demurrer was rightfully sustained; and the chancellor's decree is, therefore, affirmed, without passing upon any other of the assignments of demurrer.