(89 South. 579)

**WHITE v. WHITE. (7 Div. 203.)**

(Supreme Court of Alabama. June 23, 1921.)

**1. Divorce ⬅184(4) — Presumed that lower court acted regularly.**

On appeal from a decree of divorce, appellate court is bound to presume that a plea in abatement bearing the same date as decree pro confesso was not filed until after that decree was duly and properly rendered, and that court acted properly in disregarding it.

**2. Divorce ⬅66—Statute as to place of trial mere venue act whose requirements may be waived.**

Code 1907, § 3801, relating to place of trial of divorce actions, like section 3093, relating to bills in general, is a venue statute pure and simple, whose provisions are for the benefit of the parties only, and may be by them waived, jurisdiction of the subject-matter being drawn from section 3793, and the rule is the same in law and in equity.

**3. Divorce ⬅66—No right to further hearing as to venue after decree pro confesso.**

Right of defendant in divorce case to make objection to the venue or place of trial under Code 1907, § 3801, was lost by defendant's default, and foreclosed by a decree pro confesso, as a party defendant who is in default has no right to be further heard after decree pro confesso, except to contest a decree on the merits or to appear at a reference as permitted by Code 1907, § 3166.

**4. Divorce ⬅184(1)—Sufficiency of evidence not considered in absence of assignment of errors.**

On appeal in a divorce case, question of sufficiency of evidence to support the decree cannot be reviewed in the absence of an assignment of errors raising such question.

**5. Equity ⬅333—Bill of complaint good if not objected to, though not signed by solicitor or complainant.**

Omission of complainant and solicitor to sign a bill of complaint in a divorce case as required by chancery practice rule 14, is an irregularity as to form, and not as to substance, and is waived, if not objected to by demurrer or motion to strike.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Bill by B. S. White against Pauline White, for divorce. From a judgment granting relief, respondent appeals. Affirmed.

Abercrombie, Sewell & Galbreath, of Birmingham, for appellant.

The allegations of the bill were insufficient, and this was brought to the court's attention by the sworn plea in abatement. 173 Ala. 106, 55 South. 632; 200 Ala. 489, 76 South. 431; 174 Ala. 315, 56 South. 585; section 3801, Code 1907; 72 Ala. 345. On these authorities the court erred in neglecting to consider the plea.

No counsel marked for appellee.

SOMERVILLE, J. The bill of complaint was filed in the circuit court of St. Clair county on May 25, 1920, and seeks a divorce on the ground of abandonment. It is alleged that complainant has resided in St. Clair county for more than three years next before the filing of the bill, and that respondent is a resident of Jefferson county. There is no allegation as to the residence of the parties at the time the separation occurred. Personal service was made on the respondent on June 24, 1920, and a decree pro confesso was entered in the usual form on July 26, 1920, reciting the failure of the respondent to plead, answer, or demur to the bill. The record shows that a plea in abatement was filed on the same day—July 26—alleging that respondent was not a resident of St. Clair county at the time of the service of summons, but was a resident of Jefferson county, and that complainant and respondent were residents of Jefferson county at the time their separation occurred.

The trial court ignored this plea, and, testimony having been taken, and the cause submitted by complainant for final decree, a final decree was rendered granting to complainant the relief prayed for. It is respondent's contention that the decree pro confesso

is either absolutely void, or at least erroneous on appeal, by reason (1) of the failure of the court to take any account of the plea in abatement on file; and (2) of the failure of the bill of complaint to affirmatively show that it was properly filed in St. Clair county.

[1] With respect to the plea in abatement, we are bound to presume that, although it bears the same date as the decree pro confesso, it was not filed until after that decree was duly and properly rendered. This presumption is consistent with the record, and relieves the trial court of the imputation of an irregularity, not to say a gross judicial wrong—an imputation which will never be sustained on appeal unless the record affirmatively supports it. It results, therefore, that the plea in abatement, being filed after the decree pro confesso had been duly entered, was properly disregarded by the trial court so long as that decree remained in full force and effect.

[2] Section 3793 of the Code vests in "the court of chancery" the power to grant divorces. Section 3801, relating to bills for divorce, like section 3093, relating to bills in general, is a venue statute pure and simple. Jurisdiction of the subject-matter is drawn from section 3793, and not from section 3801, whose provisions are for the benefit of parties only, and may be by them waived. The matter of venue, though it is sometimes referred to as one of territorial jurisdiction, is not a matter of jurisdiction in the sense of the requirement that the jurisdiction of courts of special or limited jurisdiction must affirmatively appear of record. That rule relates only to jurisdiction proper—that is, of subject-matter and person. Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 South. 567, 570.

In the early case of Branch Bank v. Rutledge, 13 Ala. 196, where a bill to enjoin a judgment was filed in the wrong chancery district, and a decree pro confesso was rendered on personal service, without any previous objection by the respondent, and the objection was first raised on appeal, this court said:

"The bank must be considered as having waived the objection which it now for the first time makes. The chancery court had jurisdiction of the subject-matter of the complaint, but merely exercised it in the wrong county. This was a matter which the court was not bound mero motu to notice, and which the defendant below could waive, and did waive by failing to raise the objection in that court."

The rule is the same in law and in equity, and the subject is fully discussed, with citation of authorities, in Woolf v. McGaugh, 175 Ala. 299, 306, 307, 57 South. 754. See, also, Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 South. 567, for a very recent discussion and application of the rule.

[3] It is of no avail to respondent that she attempted to raise the question by the plea filed on July 26. The objection must be seasonably made (Cleveland v. Little Cahaba Coal Co., 87 South. 567, 570 [1]), and the right to make it in this case was lost by respondent's default, and foreclosed by the decree pro confesso. A party respondent who is in default has no right to be further heard after decree pro confesso, except to contest a decree on the merits, or to appear at a reference, as permitted by section 3166 of the Code.

[4] The facts alleged in the bill were sufficient to give the court jurisdiction of the cause, and to show the existence of a ground for divorce. No assignment of error questions the sufficiency of the evidence to support the final decree, and we therefore cannot review that question.

[5] Our attention is called to the fact that the bill of complaint is not signed by a solicitor, nor by the complainant himself, as required by the fourteenth rule of chancery practice. That omission is one of form, and not of substance, and is waived if not objected to by demurrer or motion to strike. 21 Corp. Jur. 367, § 375; Winkleman v. White, 147 Ala. 481, 491, 42 South. 411. It was not objected to in this case, and therefore cannot affect the validity of the decree.

No error appearing, the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.