153 So. 210

## HAMMONS v. HAMMONS.

5 Div. 128.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied Sept. 28, 1933.

Further Application for Rehearing Stricken March 15, 1934.

Dan Gullett Cook, of Camden, and Huddleston, Glover & Jones, of Wetumpka, for appellee.

Powell & Hamilton, of Greenville, for appellant.

**FOSTER, Justice.**

This is a bill for divorce and shows on its face that it was not filed in the district of the residence of defendant who resides in Alabama, nor in that in which the parties re-

266

sided when the separation occurred. Section 7415, Code. There was therefore a defect of venue apparent on the face of the bill, and it was subject to a motion to dismiss or demurrer on that ground. Prickett v. Prickett, 147 Ala. 494, 42 So. 408; Campbell v. Crawford, 63 Ala. 392; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Elmore County v. Tallapoosa County, 221 Ala. 182, 128 So. 158; Woolf v. McGaugh, 175 Ala. 307, 57 So. 754, 757.

■ But since the court has general jurisdiction of the subject-matter and the statute is a venue provision and is only for the benefit of defendant, he may waive it, and does so, unless seasonable objection is made on that ground. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; Kyser v. American Surety Co., 213 Ala. 614, 105 So. 689; White v. White, 206 Ala. 231, 89 So. 579.

In this case defendant appeared by filing a demurrer addressed to the bill as a whole in legal effect, and assigned two grounds; the first was a general ground for want of equity, and the second was that it was in the wrong venue, for the reason stated. The chancery court took the view that the ground assigned "for want of equity" waived the ground assigned for improper venue, and appellee relies upon that theory on this appeal to sustain the decree.

■■ The theory of a demurrer is that it is an entity. The grounds are but particular reasons why the demurrer should be sustained. It should be sustained if any ground shows a good, reason for doing so. And on appeal, such a decree should be affirmed if any ground is well taken, though that on which the court bases its ruling may not be a good ground in the opinion of the appellate court. Patten v. Swope, 204 Ala. 169, 85 So. 513; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 307, 308, 62 So. 808; Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

■■ The grounds assigned in a demurrer are not separate demurrers, like separate pleas, where those in abatement may not be united with those in bar. Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817, and cases cited. There is no limitation upon the right to assign in a single demurrer every ground shown on the face of the bill.

■ When a bill shows on its face that it is filed in the wrong district, and a demurrer to it assigns that ground, though it also assigns other grounds, this court has held that it should be sustained regardless of other grounds. Lewis v. Elrod, 38 Ala. 17; Ashurst v. Gibson, 57 Ala. 584.

■ In section 45, Sims' Chancery Practice, on the authority of the case of Lewis v. Elrod, supra, it is asserted that this defect may be taken by a general demurrer. Our statute authorizes a general demurrer, otherwise it must set forth the ground specially. Section 6553, Code.

■ Properly interpreted, we think the demurrer shows a purpose to question the equitable right, which is denominated a "want of equity," in the complainant to maintain the suit in Elmore county, and not in the county in which the bill shows it ought to have been filed.

The situation is different from that in Kyser v. American Surety Co., supra, in that, the demurrer in that case, though it assigned the general ground, did not specially assign the ground that it showed an improper venue, and was acted on by the court apparently without that insistence being made, and some months later defendant attempted to raise the question by another separate demurrer. The court held that the venue had been waived.

■ This case is also essentially different from Thompson v. Wilson, 224 Ala. 299, 140 So. 439. It was not there a question of venue, but of personal service, and the right to a personal decree. Such a question cannot be reached by demurrer, and the right to make the claim is waived by a demurrer which is and must be upon some other ground. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765; 2 R. C. L. 330, 331, § 10.

■ While the demurrer of course is an appearance by defendant, and waives service of notice, it cannot be said to be a submission to the venue of the suit, when the first and only pleading she filed is single in meaning and questioned the right to the venue of the suit. We think the demurrer should have been sustained. The decree of the circuit court, in equity, is reversed, and one is here rendered sustaining the demurrer, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

■ We do not think that the authority of Lewis v. Elrod, 38 Ala. 17, and Ashurst v.

Gibson, 57 Ala. 584, which we cited, should be minimized because they are old. Our understanding is that a principle is not wanting in authority because old and long settled, when no change has been made. Counsel have gone to the trouble to find the original record in those cases, and seem to find comfort in what they show. In the first case a plea in abatement was first filed; later demurrers were filed, before action on the plea in abatement. Such is ordinarily regarded as a waiver of the plea. But it is well understood that if the bill shows on its face that it was filed in the wrong district, it is subject to demurrer on that ground and a plea is not necessary. Counsel are particular to say that the first ground of demurrer was there directed to this defect, and that others were directed to the merits. We do not think importance is attached to the order in which grounds are assigned. The report of the case asserts that the demurrer was for want of equity, and that it was filed in the wrong county, and on several other grounds. It also shows that the decree was on the demurrer. Counsel find that the decree did not expressly refer to the demurrer, but merely dismissed the bill. The whole of the opinion is addressed to the question of venue thus presented, and affirmed the decree of the court, and stated that "the demurrer was rightfully sustained" on that ground, without passing upon other assignments of the demurrer.

That situation cannot minimize the consequences of the opinion that the right thus to question the venue was not lost by assigning other grounds of demurrer, extending to the merits. If the plea in abatement had first been acted on before filing the demurrer, the question would be covered by the case of Tigrett v. Taylor, 180 Ala. 296, 60 So. 858.

In the case of Ashurst v. Gibson, 57 Ala. 584, counsel also find comfort in the fact there was a motion to dismiss and demurrer. The motion was not first acted on. He shows that the motion was on the ground that the court had no jurisdiction. The demurrer was for want of equity, want of jurisdiction over the subject-matter, and want of necessary parties. The opinion states that the "demurrer and the plea to the jurisdiction present the same question—whether jurisdiction of the person of the defendants resided in the court in which the bill was filed, or," etc. We assume that "the plea to the jurisdiction" referred to the motion to dismiss mentioned by counsel. In any event, the demurrer in which any ground fairly presented the question of venue, though others went to the merits, though filed before the motion to dismiss or plea was acted on, did not waive the motion to dismiss on that ground nor the plea in abatement to that effect, nor a consideration of that ground of demurrer.

Such effect of the demurrer would be different if the question were one of due service. That was the question in Thompson v. Wilson, supra, in this respect, and in the many cases cited by counsel for appellee. A demurrer is necessarily an appearance, and a waiver of notice; but it is only one act of pleading and may point out defects of any and every sort apparent upon the face of the bill not otherwise waived. In the very nature of things, if it points out one good ground, it should be sustained, and no ground assigned should waive another which is well taken, though of course it may be waived by other pleading. Tigrett v. Taylor, supra.

We think that our former opinion is correct, and the application for rehearing is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.