38 So.2d 3

**HOOKS v. HOOKS.**

6 Div. 786.

Supreme Court of Alabama.

Dec. 23, 1948.

Beddow & Jones, of Birmingham, for appellant.

Geo. Rogers, of Birmingham, for appellee.

LAWSON, Justice.

This is a bill for divorce. It appears from 'the allegations of the bill that complainant and respondent are both residents of the State of Alabama. When this is the situation, divorce proceedings should be filed either in the county where the respondent resides or in the county where the parties resided when the separation occurred. Section 28, Title 34, Code of 1940; Puckett et al. v. Puckett, 174 Ala. 315, 56 So. 585; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

Section 28, Title 34, supra, however, has been held to be for the benefit of the parties and may be waived. It re-

lates to venue as distinguished from jurisdiction of the subject matter. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; White v. White, 206 Ala. 231, 89 So. 579. In the case last cited this distinction is pointed out in the following language: "Section 3793 of the Code [§ 20, Title 34, Code of 1940] vests in 'the court of chancery' the power to grant divorces. Section 3801 [§ 28, Title 34, Code of 1940] relating to bills for divorce, like section 3093 [§ 294, Title 7, Code of 1940], relating to bills in general, is a venue statute pure and simple. Jurisdiction of the subject-matter is drawn from section 3793, and not from section 3801, whose provisions are for the benefit of parties only, and may be by them waived. The matter of venue, though it is sometimes referred to as one of territorial jurisdiction, is not a matter of jurisdiction in the sense of the requirement that the jurisdiction of courts of special or limited jurisdiction must affirmatively appear of record. That rule relates only to jurisdiction proper—that is, of subject-matter and person." 206 Ala. 232, 89 So. 580.

■■ It is settled in this jurisdiction that where a bill for divorce discloses on its face that it is not filed in the proper county, this renders it subject to demurrer or to be dismissed on motion, if there has not been a waiver of the objection. Puckett et al. v. Puckett, supra; Hammons v. Hammons, supra. The same is true as to bills in equity in general.— Branch Bank at Mobile v. Rutledge and Watts, 13 Ala. 196; Porter v. Worthington, 14 Ala. 584; Lewis v. Elrod, 38 Ala. 17; Campbell v. Crawford, 63 Ala. 392; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Prickett v. Prickett, 147 Ala. 494, 42 So. 408; Riles v. Coston-Riles Lumber Co., 208 Ala. 508, 95 So. 43; Kyser v. American Surety Co. of New York, 213 Ala. 614, 105 So. 689; Elmore County v. Tallapoosa County, 221 Ala. 182, 128 So. 158; Cleckley v. Cleckley, 250 Ala. 78, 33 So.2d 338.

■ This bill was filed in the circuit court of Jefferson County, in equity. It does not affirmatively appear from the bill that it was filed properly in that county, for it is not alleged therein that the defendant resides in Jefferson County, or that the parties resided there at the time the separation occurred. The only averment as to the residence of the respondent is that he is a resident of the State of Alabama. But it does not affirmatively appear from the averments of the bill that it is filed in the wrong county. For aught that appears from the averments of the bill the respondent is a resident of Jefferson County and the parties resided therein at the time the separation occurred. In all of the cases cited in the preceding paragraph, the bill affirmatively showed on its face that it was filed in the wrong county. Since that is not the situation in the instant case the rule of those cases is not here applicable. We think the demurrer was properly overruled for the reason that it appears from the bill that the court had jurisdiction of the subject matter and it does not affirmatively appear from the averments of the bill that it was filed in the wrong county. In the case of Abraham et al. v. Hall et al., 59 Ala. 386, Mr. Chief Justice Brickell, writing for the court, said: "A bill must necessarily disclose a case which falls within the jurisdiction of a court of equity—an error in this respect is fatal in any stage of the proceedings, and cannot be cured by consent or waiver. Story's Eq. Pl. § 10. The principle however applies to jurisdiction of the court, as to the subject matter and not to jurisdiction as dependent on the residence of the parties, or the amount in controversy. It is the rule in this State that the court will not take jurisdiction if the amount in controversy does not exceed twenty dollars; and if on the final hearing, the fact appears, the cause will be repudiated. Cowan v. Jones, 27 Ala. 317. But a bill is not demurrable, if it discloses a case within the appropriate jurisdiction of the court, because it does not show affirmatively that the amount in controversy is within the jurisdiction. If it is not, it is matter of objection by plea or answer, or on the hearing."

To like effect is the case of Kelley v. Wollner, 201 Ala. 445, 78 So. 823.

■ In view of the conclusion above reached, it is unnecessary to pass on the

sufficiency of the grounds of demurrer to raise the question of venue. But it might be well to point out that even if the bill had shown on its face that it was filed in the wrong county, this defect could not be raised by the first ground of demurrer, "there is no equity in the bill." Kyser v. American Surety Co. of New York, supra; Hammons v. Hammons, supra.

The decree of the trial court is affirmed.

Affirmed

BROWN, FOSTER, LIVINGSTON and STAKELY, JJ., concur.