121 So.2d 922

Lebron W. MELTON et al.

v.

Kirk S. MELTON et al.

6 Div. 513.

Supreme Court of Alabama.

June 30, 1960.

Bill Fite, Hamilton, for appellants.

Rankin Fite, Hamilton, for appellees.

COLEMAN, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity praying for custody of a minor child. The recitals of the bill, other than the prayer, are as follows:

"Come the complainants, Kirk S. Melton and Ruth G. Melton, and file this bill of complaint against Lebron W. Melton, and Rosa Melton, defendants herein, and allege:

"1. Complainants and defendants are each over the age of twenty-one years, and are resident citizens of Marion County, Alabama.

"2. On, to-wit, in the year 1952 a decree of divorce was granted, divorcing the defendant Lebron W. Melton from his then wife, Frances L. Melton, and in said divorce decree Lebron W. Melton and the complainants Kirk S. Melton and Ruth G. Melton were granted joint custody and control of the child of Lebron W. Melton and Frances L. Melton, to-wit, Laura Gail Melton, who, at the time of the rendition of the divorce decree, was approximately one year old. Since said date said minor child, Laura Gail Melton, has been in the complete custody and control of the complainants Kirk S. Melton and Ruth G. Melton; that said Kirk S. Melton and Ruth G. Melton have provided for said child's wants and needs and have given the child a good home ever since 1952, when the child's custody was granted them jointly with Lebron W. Melton; that said Lebron W. Melton has made no contribution whatsoever for the support and upkeep of said minor child during said period; that on, to-wit, the 18th day of June, 1959, defendant Lebron W. Melton came and, under guise of having said little girl visit him for a week, the complainants agreed to let said Gail Melton go and stay with Lebron W. Melton for a period of one week; that after the expiration of said week Lebron W. Melton refused to bring said child back to complainants; that said defendant Lebron W. Melton refuses to let the child come back to complainants; that it is to the best interest of said minor child that its custody be granted to complainants; that defendant Lebron W. Melton has re-married since the decree of divorce was granted, divorcing him from Frances L. Melton; and he, along with the defendant Rosa Melton, are forbidding said child to return to complainants and together are withholding its custody from complainants."

The prayer is that custody of the child be awarded to complainants and for general relief.

The grounds of demurrer which appellants insist should have been sustained recite as follows:

"2. For ought that appears from the Bill of Complaint this Court has no jurisdiction of same."

"5. For ought that appears from said Bill of Complaint this suit for custody of said minor child should have been filed in the same cause in which the decree of divorce was granted in 1952."

This court has said:

"The petition here is addressed to the court which rendered the divorce decree and awarded the custody of the children, and, in effect, seeks a modification of that decree, or a redetermination, in respect to the custody of the children. That court has the inherent right to modify that decree or redetermine custody, based upon the occurrence of events subsequent to the decree, or some other substantial reasons which are sufficient to justify such modification. *The court having assumed jurisdiction and made the award in the divorce decree, its power and authority continues during the minority of the children, each respectively, and no other court can exercise it.* Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Wright v. Price, 226 Ala. 468, 147 So. 675; Rosa v. Underwood, 235 Ala. 447, 179 So. 530; White v. White, 247 Ala. 405, 24 So.2d 763; Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205; Stifflemire v. Williamson, 250 Ala. 409, 34 So.2d 685; Ex parte Ingalls, 256 Ala. 305, 54 So.2d 288; Wren v. Stutts, 258 Ala. 421, 63 So.2d 370; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835; Vinson v. Vinson, 263 Ala. 635, 83 So.2d 215; 8 Ala. Digest, Divorce, ⬮302–303, Cum. Pocket Part, Code of Alabama 1940.

\* \* \* \* \* \*

"We believe that the current of our cases indicates a purpose to limit the power to modify a decree of the equity court awarding the custody of minors, so that *only the court which made the award can subsequently modify it based upon changed conditions.*" (Emphasis supplied.) Snead v. Davis, 265 Ala. 229, 231, 232, 90 So.2d 825, 827.

See also Ex parte Burch, 236 Ala. 662, 184 So. 694; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399.

The rule prescribing the method for raising the objection that a bill in equity is not filed in a court having jurisdiction has been stated as follows:

"\* \* \* A bill, disclosing on its face that it is not filed in the district of residence of a material defendant, would be subject to demurrer, or could be dismissed on motion, if there has not been a waiver of the objection. Shrader v. Walker, 8 Ala. 244; Porter v. Worthington, 14 Ala. 584; Lewis v. Elrod, 38 Ala. 17; Freeman v. McBroom, 11 Ala. 943. When the objection does not appear on the face of the bill, or the bill avers the residence of the defendant in the district in which it is filed, a plea, in the nature of a plea in abatement, is an appropriate mode of presenting the objection, and asserting the defendant's exemption from suit in any other Court of Chancery, than that of the district of his residence." Campbell v. Crawford, 63 Ala. 392, 393, 394. See also Hooks v. Hooks, 251 Ala. 481, 38 So.2d 3.

The question then is: Does the instant bill, when tested by demurrer, show on its face that the prior custody decree was rendered in a different court? If the bill does so show on its face, then the demurrer should be sustained. If the bill does not so show on its face, then the demurrer should be overruled and the respondents should be required to show by plea that the court lacks jurisdiction be-

cause the prior custody decree was rendered in a different court.

The bill alleges that " * * * in the year 1952 a decree of divorce was granted * * * and in said divorce decree Lebron W. Melton and the complainants * * * were granted joint custody * * * of the child * * *." The bill thus affirmatively shows that some unspecified court had acquired jurisdiction of the matter in controversy, to wit, the custody of the child, in 1952. There is no averment to show that such court has lost jurisdiction or that the immediate welfare of the child requires the intervention of a different court.

So far as appears from the face of the bill the two courts may or may not be the same. The bill, in that respect, is subject to two constructions. The rule in such a case has been stated as follows:

"There is another rule of pleading and practice which appellant can and does successfully invoke, and that is that pleadings must be construed most strongly against the pleader, and if the pleading in question is susceptible of two constructions, one of which would render it good and the other bad, the latter must be indulged, because it is the one against the pleader." Puckett v. Puckett, 174 Ala. 315, 319, 56 So. 585, 586.

In Lewis v. Elrod, 38 Ala. 17, the jurisdiction of the court was assailed by respondents on the ground that the bill had been filed in the wrong county, i. e., in Wilcox County. The bill alleged that one respondent, Mrs. Wright, resided in Wilcox County. This court, on appeal, examined the question whether Mrs. Wright was a material defendant and determined that she was not, and that the demurrer was correctly sustained because neither of the defendants who resided in Wilcox County was a material defendant.

Mrs. Wright had been the wife of a former owner of certain slaves, and, together with her husband, had joined in a conveyance of the slaves. In holding that Mrs. Wright was not a material defendant, this court said:

" * * * The conveyance in which Mrs. Wright joined is not alleged to have contained any warranty of title; but we may infer that it did not contain such warranty, for, in *passing upon a demurrer to a bill, we can not aid the bill by supplying averments*. The only connection which Mrs. Wright has with the case, is that she is the transferror, without warranty, to the vendors of the person who now holds the property. Whatever interest she may have ever had in the property, was all gone. She had no right or claim of any kind which could be, either directly or indirectly, affected by this suit. She was neither a necessary, nor a proper party defendant. (Citations omitted.)" [Emphasis supplied.] 38 Ala. 17, 20.

So in the instant case, the bill is silent as to what court rendered the prior custody decree. If the court in which the instant bill was filed did render the prior decree, then the bill is in the proper court. But the bill does not so aver, and we may infer that the prior decree was rendered by a different court, for, "in passing upon a demurrer to a bill, we can not aid the bill by supplying averments." Lewis v. Elrod, supra.

In Hooks v. Hooks, supra, the bill for divorce did not allege that the respondent resided in the county where the bill was filed or that he resided in a different county. This court held that such a bill was not demurrable for failure to aver that respondent resided in the county where the bill was filed when the bill did aver that respondent resided in the state. The court noted that objection based on failure to allege the county of respondent's residence was as to a matter of venue, which could be waived, and held that as to such a bill the objection was not properly raised by demurrer. The cases cited indicate that

objection to the jurisdiction may be raised by plea or answer and, formerly at least, by motion. There was in the Hooks case no averment going to show that jurisdiction of the subject matter of that suit had been exercised previously by any court. Here there is averment showing that some court had assumed and apparently continues to have jurisdiction of the particular subject matter here involved. In Lassiter v. Wilson, 207 Ala. 669, 670, 671, 93 So. 598, this court said:

"* * * The judicial power of our courts of equity to consider and to determine the custody of infants is inherent, not dependent upon statutory authorization. * * * When such jurisdiction is validly invoked, the infant becomes the ward of that court. Rivers v. Durr, 46 Ala. 418, 422; Hayes v. Hayes, 192 Ala. 280, 284, 285, 68 South. 351, the declaration in the last cited case being that the jurisdiction thus obtained is, in a sense, continuous. This guardianship, denominating the relation according to its nature, with the infant as ward, is not susceptible of dissolution by the subsequent residential status, in this state, the custodian of the infant may, with out offense to the decree prescribing the infant's custody, establish as the abode of the infant or of the custodian. The subsequent removal of these children beyond the territorial jurisdiction of the Coffee county circuit court rendering the decree did not effect to defeat the existing, continuing jurisdiction of that court to proceed in the premises, in view of the change wrought by the death of the mother of the children. Any other conclusion would offend the general rule, stated before, that subsequent events will not avail to defeat jurisdiction already validly attached."

Moreover, the bill in the Hooks case was, in substance as well as form, an original bill commencing a suit. The instant bill, although original in form, is in substance and effect a petition or bill to modify the 1952 custody decree. While we are not to be understood as holding that jurisdiction as to custody of infants may never be waived in a subsequent modification proceeding, no such question being now before us, we are of opinion that the question of jurisdiction presently involved is not merely a question of venue, and that the reasons for the decision in the Hooks case do not apply here.

Under the rules of pleading referred to, we are of opinion that grounds 2 and 5 of the demurrer were well taken.

■ The point here considered ultimately becomes a question of deciding which party shall be required to plead the facts showing what court rendered the prior decree which complainants seek to modify. Knowledge of those facts would appear to be equally available to either party because, in the case at bar, both of the complainants and one respondent appear to have been named in the prior custody decree. If the prior court and the instant court are the same, complainants will be able so to aver and prove with little difficulty. If the two courts are not the same, then, under our cases, the instant bill is not filed in the court which had already acquired and, for aught that appears, continues to have jurisdiction as to custody of the particular child here involved. It appears to us that the better view is that the party seeking to invoke the action of a court should bear the burden of clearly averring his right to the relief sought, and that when challenged by appropriate demurrer, a bill or petition seeking to modify a custody decree should not be uncertain on its face as to whether it is filed in the court having jurisdiction of the subject matter of the particular suit.

The decree overruling the demurrer is reversed, a decree is here rendered sustaining the demurrer, and the cause is remanded. The appellees are allowed thirty days after the day on which the decree of this court is received by the Register of

the Marion County Superior Court, in Equity, in which to amend their bill of complaint as they may be advised.

Reversed, rendered, and remanded.

LAWSON, STAKELY, and MERRILL, JJ., concur.