WRIGHT, Presiding Judge.
This appeal is from the denial of modification of a divorce decree. We affirm.
The parties were divorced by decree of the Mobile County Circuit Court on August 25, 1972. By order of December 28, 1973, the court awarded the family home and custody of the four children to Mrs. Ramsey. Mr. Ramsey was ordered to pay $700 monthly as alimony and child support and $225 for the note on the home “as additional alimony” to terminate upon the death or remarriage of the wife prior to payment in full of the mortgage.
On August 26, 1975, Mr. Ramsey petitioned the court for modification of the decree. He subsequently moved for change of venue to Houston County.
The court denied the motion to transfer. After hearing, it rendered a judgment reducing the alimony and child support to $575 per month because the oldest child had attained majority, but denied modification of the note payment. Mr. Ramsey’s motion for new trial was denied and he appealed.
The evidence revealed the following: The Ramseys had resided in Dothan prior to their divorce. They agreed to file for divorce in Mobile with Mrs. Ramsey as complainant. Following the divorce, Mr. Ramsey had harassed her at home and used abusive language over the telephone. In August of 1975 she resigned her job and moved with the three minor children to Jackson, Mississippi, where most of her relatives resided. She listed the home for rent with a real estate agent. It is valued at $85,000 to $90,000 and has an outstanding mortgage of $25,000. Mrs. Ramsey is now living in a three-bedroom apartment renting for $350 per month and is looking for employment. Mr. Ramsey is a practicing attorney with substantial income and large real estate holdings. In the 1974-75 school year he provided over $3,000 in support for the oldest child, a freshman in college, who became 19 on August 18, 1975.
In reviewing this case we adhere to the presumption of correctness where the testimony was heard ore tenus and may not reverse unless there has been such abuse of discretion as to cause the judgment to be plainly and palpably wrong. Womble v. Womble, 56 Ala.App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975).
Mr. Ramsey raises two issues for review: (1) error in denying the motion to transfer and (2) abuse of discretion in the failure to reduce the “additional alimony payment” of the house note.
Under Title 34, § 28, Code of Alabama (1940) (Recomp.1958), venue for the divorce would properly have been in Houston County. By failing to seasonably object in that proceeding Mr. Ramsey waived his right to a change of venue. The venue statute is solely for the benefit of the parties and may be waived. Hooks v. Hooks, 251 Ala. 481, 38 So.2d 3 (1948); White v. White, 206 Ala. 231, 89 So. 579 (1921). There is no rule or statutory provision authorizing change of venue solely for convenience. See C. Lyons, Alabama Practice, § 82.3. The matter of granting a change of venue is addressed to the sound discretion of the court. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696 (1958). We perceive no abuse of discretion here.
The award of the home to Mrs. Ramsey was part of a property settlement. The note payment was a part of the periodic alimony which will terminate at the death or remarriage of Mrs. Ramsey or when the note is paid in full. There is no contention by either party that the award is unmodifiable.
*1001 The decree contained no requirement that Mrs. Ramsey continue residing in the home for the note payments to continue. Modification of a prior award of periodic alimony is dependent upon a material change of circumstances. Wells v. Wells, 230 Ala. 430, 161 So. 794 (1935). If there was a reasonable necessity for Mrs. Ramsey to remove herself and her children from her home in Dothan, the trial court was at liberty in the exercise of its discretion, to determine that there was no material change of circumstance requiring discontinuance of the payment on the note. She was merely using rental income from her residence to obtain another. Our review fails to disclose an abuse of discretion.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.