DONALDSON, Judge.
Melinda Denise Swaney ("the wife"), a resident of Baldwin County, has filed a petition for the writ of mandamus in which she asks this court to issue a writ directing the Madison Circuit Court to enter an order transferring a divorce action filed in that county against her by Jonathan David Sanders ("the husband") to the Baldwin Circuit Court. The record shows that, after being served with the divorce complaint, the wife objected to venue in Madison County and asserted that venue was improper in that county under the provisions of § 30-2-4, Ala. Code 1975. Because the undisputed evidence shows that the parties resided in Baldwin County when they separated and that the wife continued to reside in Baldwin County at the time the complaint for a divorce was filed, we grant the wife's petition.
According to the materials submitted to this court in support of the wife's petition, the parties were married in October 2011 in Nevada. In October 2014, the parties moved to Baldwin County. The parties remained in Baldwin County until March 2017 when, the wife asserts, the husband *118 abandoned her and moved to Madison County.
On April 20, 2017, the husband filed in the Madison Circuit Court a complaint for a divorce. In the complaint, the husband stated that he had "been domiciled in the State of Alabama, for more than six months before filing the Complaint for Divorce" and that the parties "resided together until March 20, 2017 when they separated and have not lived together as husband and wife since that date." The husband did not state why venue was appropriate in Madison County.
On May 31, 2017, the wife filed a motion to dismiss or, in the alternative, to transfer the case to the Baldwin Circuit Court. In support of her motion, the wife cited § 30-2-4, Ala. Code 1975. The wife attached her sworn affidavit to her motion in which she stated that she and the husband had lived together in Baldwin County until March 20, 2017, when the husband abandoned her, and that she had remained in Baldwin County. The husband's counsel filed an unverified response to the wife's motion in which the husband did not deny that the parties had resided in Baldwin County at the time they separated or that the wife had remained in Baldwin County. The husband instead asserted that the venue provisions contained in § 30-2-4 are not mandatory.
On June 11, 2017, the Madison Circuit Court denied the wife's motion. From the information in the materials submitted to this court, it does not appear that a hearing was held. The wife filed a petition for the writ of mandamus with this court, and the husband did not file a response to the wife's petition.[1]
" 'A petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala. 2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows " ' "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' " Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala. 1996) ); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala. 1999).'
" Ex parte Children's Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala. 2005).
" ' "The burden of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge." Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala. 1987).' Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002) ; see also Ex parte Hibbett Sporting Goods, Inc., 228 So.3d 1008, 1013 (Ala. Civ. App. 2017)."
Ex parte Hudson, 241 So.3d 728, 731 (Ala. Civ. App. 2017). See also Ex parte Watkins, 555 So.2d 1098, 1099 (Ala. Civ. App. 1989) ("The question of whether to transfer a case because of venue addresses itself to the sound discretion of the trial court, and any abuse of that *119 discretion may be controlled by the writ of mandamus.").
The wife argues that venue is proper in the Baldwin Circuit Court and that the Madison Circuit Court was required to transfer the action to the Baldwin Circuit Court. In support, the wife cites § 30-2-4, Ala. Code 1975, which provides:
"Complaints for divorce may be filed in the circuit court of the county in which the defendant resides, or in the circuit court of the county in which the parties resided when the separation occurred, or if the defendant is a nonresident, then in the circuit court of the county in which the other party to the marriage resides."
The husband filed a divorce complaint that contained no allegations of where the wife lived or where the parties resided when the separation occurred. The wife promptly and appropriately filed a motion seeking to dismiss or, alternatively, to transfer the action to the Baldwin Circuit Court. The wife attached to her motion an affidavit in which she swore that the parties resided in Baldwin County at the time of the separation and that she had continued to reside in Baldwin County. The husband did not provide any evidence in opposition to the wife's affidavit.
The plain language of § 30-2-4 provides that, in a situation involving Alabama residents, venue is proper either in the county where the defendant-spouse resides, or in the county in which the parties resided when they separated. "The venue statute[, however,] is solely for the benefit of the parties and may be waived." Ramsey v. Ramsey, 347 So.2d 999, 1000 (Ala. Civ. App. 1977) (citing Hooks v. Hooks, 251 Ala. 481, 38 So.2d 3 (1948) ). In the Madison Circuit Court, the husband pointed to the phrase "may be filed" in § 30-2-4 and argued that the statute does not mandate that the divorce action could be filed only in Baldwin County. If the wife had waived the venue provisions of § 30-2-4, then the statute would not mandate a dismissal or a transfer. See Ex parte Hill, 166 So.3d 701, 705 (Ala. Civ. App. 2014) (denying petition for the writ of mandamus when petitioner had waived any objection to venue). The materials before this court clearly establish that the wife did not waive the challenge to venue but, instead, properly raised it by a motion filed before her first responsive pleading. See Rule 12(b)(3), Ala. R. Civ. P. (providing that a challenge to venue must be raised by motion or responsive pleading). See also Ex parte Till, 595 So.2d 871, 872 (Ala. 1992) ("If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived.").
According to the materials submitted to this court, the undisputed evidence in this case indicated that the parties had lived together in Baldwin County, that the separation occurred in Baldwin County, and that the wife remained in Baldwin County when the husband moved to Madison County one month before filing a complaint for a divorce in the Madison Circuit Court. Therefore, the undisputed evidence indicated that venue is proper in the Baldwin Circuit Court, and because the wife did not waive the benefit of § 30-2-4, the wife's objection to venue in the Madison Circuit Court was due to be sustained. The wife requested that the case be transferred to the Baldwin Circuit Court, and that request was due to be granted. See Rule 82(d)(1), Ala. R. Civ. P. The Madison Circuit Court is directed to issue an order transferring the action to the Baldwin Circuit Court.
*120 PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

Because the husband did not file a response to the wife's petition for a writ of mandamus, we must consider the wife's assertions to be true. Ex parte Turner, 840 So.2d 132, 134-35 (Ala. 2002).