[Pucket, et al. v. Pucket.]

# Pucket, *et al v.* Pucket.

## *Divorce and Alimony.*

(Decided Nov. 21, 1911.  56 South. 585.)

1. *Divorce; Venue; Statute.*—Under section 3801, Code 1907, a bill for divorce was improperly filed in the district in which the separation occurred, where the parties at that time resided in another district in the state.

2. *Same.*—Section 3801, Code 1907, determines the jurisdiction and venue of suits for divorce, regardless of sections 3093 and 6110, as it is a part of a distinct chapter on the subject of divorce and alimony.

3. *Same; Parties; Bill; Sufficiency.*—The mere allegation of a suggestion that a husband could dispose of his property so as to defeat the claims of his wife for alimony, does not warrant the addition of a third party as a party defendant to the bill.

4. *Same; Material Defendant.*—The husband is the only material defendant to a bill by a wife for divorce and alimony, and hence, a bill for divorce and alimony cannot be filed in a district other than that in which he resides; the expression "material defendant" as used in sections 3093 and 6110, Code 1907, meaning necessary or indispensable party.

5. *Same; Parties.*—Where the bill by the wife for divorce and alimony included other parties than the husband as parties defendant, · such other party not being material so far as the bill for divorce is concerned, and who can be proper parties only when necessary to secure the payment of a decree for alimony, should such a decree be rendered, will not give the court jurisdiction to try the action, where such court did not have jurisdiction of the husband alone.

6. *Equity; Pleading; Jurisdiction; Practice.*—While the usual practice is to file a plea in abatement to the jurisdiction for the purpose of raising that question, yet, when a bill discloses on its face that it was not filed in the proper jurisdiction, it is subject to demurrer, or to be dismissed on motion.

7. *Same; Pleading; Intendment.*—Pleading will be construed most strongly against the pleader, and if a pleading is susceptible of two constructions, one rendering it good and the other bad, the latter must be indulged.

APPEAL from Morgan Law and Equity Court .

Heard before Hon. THOMAS W. WERT.

Bill by Anna Pucket against Leonard R. Pucket and others, for divorce and alimony. From a decree for

complainant, respondents appeal. Reversed and remanded.

KYLE & HUTSON, for appellant. The question of jurisdiction was properly raised by demurrer.—*Harwell v. Lehman,* 72 Ala. 344. Pleadings are construed most strongly against the pleader.—*Tate v. Evans,* 54 Ala. 18; *Stubbs v. Leavitt,* 30 Ala. 352. Giving this construction to the bill the fact that it prays for alimony does not give the court jurisdiction since it appears that the material defendant resided in Jefferson County when the bill was filed.—*Turner v. Turner,* 44 Ala. 437; *Penoyer v. Neff,* 95 U. S. 714; *Rigney v. Rigney,* 24 Am. St. Rep. 462. Section 3801 of the Code regulates the venue of bills for divorce and alimony as it appears in the distinct chapter concerning that title, and sections 3093 and 6110, have no application. The addition of other parties not necessary or material did not serve to give the court jurisdiction.—15 Enc. P. & P. 674; *Harwell v. Lehman, supra; Lewis v. Elrod,* 38 Ala. 17; *Stret v. Selig,* 88 Ala. 535; *Baker v. Rowland,* 2 S. & P. 361; *Gay-Hardie v. Briarfield,* 106 Ala. 615; *Waddell v. Lanier,* 54 Ala. 440. The mere suggestion that others are necessary to collect the alimony, does not help as to jurisdiction.—14 Cyc. 798; 26 Am. St. Rep. 544.

TIDWELL & SAMPLE, for appellee. The court had jurisdiction.—Section 3801 and 6110, Code 1907. The other parties were material defendants.—106 Ala. 615; 54 Ala. 440; 103 Ala. 537. The wife may join others if necessary.—80 Ala. 225; 1 Enc. P. & P. 423.

MAYFIELD, J.—This bill is for divorce and alimony. It was filed in the Morgan county law and equity court. Code, § 3801, provides that "bills for divorce

[Pucket, et al. v. Pucket.]

may be filed in the chancery district in which the defendant resides, or in the district in which the parties resided when the separation occurred; if the defendant is a nonresident, then in the district in which the other party to the marriage resides." Paragraph 2 of the bill, which sets forth the facts as to the residence, and the separation of the parties, states that they lived together as husband and wife in Morgan County, Ala., up to about May, 1907, when they both removed to Birmingham, Ala., "and they lived together as husband and wife for about six weeks; that at the expiration of said time complainant came back to Morgan county to visit her mother, who was then very sick; that, after coming back on said visit to her mother, the respondent would never permit complainant to return to Birmingham, but insisted that she live with her father and mother."

Said paragraph further shows that after complainant had returned to Morgan county, as is above averred, she lived for a while with the father and mother of respondent, who resided in that county; that "during this time your oratrix insisted and urged respondent to permit her to return to Birmingham, and live with him, and insisted that she be treated as his wife, but respondent refused to so treat and provide for your oratrix, and refused to furnish her a home where she would not be imposed upon and mistreated, and upon such refusal, and after she could endure such treatment no longer, she did, on May 15th, move back to her father's home (which home was in Morgan county, Ala.), with whom she has since lived; that since May 15, 1908, complainant has not lived with respondent," etc. Paragraph 5 of the bill is as follows: "Your oratrix further shows that the separation of your oratrix and respondent occurred and took place in Morgan county, Ala." This last paragraph is evidently a futile attempt on the

part of the complainant to confer jurisdiction on the Morgan county law and equity court, and to avoid the necessity of filing a bill, under the facts averred, in the county of Jefferson, as is enjoined by law.

It will be observed that the statutes with regard to divorce proceedings, where the parties are residents, direct that the bill must be filed in the chancery district in which the defendant resides, or in the district in which the parties (both parties) resided when the separation occurred. This bill unquestionably alleges that about May, 1907, both parties, husband and wife, removed from Morgan county to Birmingham, Ala., and that they there lived together as husband and wife for about six weeks, at which time the wife returned to Morgan county, and that respondent would never permit her to return to him at Birmingham, but insisted that she live with her parents, and that later he insisted that she live with respondent's father and mother, who also resided in Morgan county.

There is no attempt to allege that the respondent has ever resided in Morgan county since May, 1907, and it clearly appears that he resided in Jefferson county when the separation took place. It will also be observed that paragraph 5 of the bill does not allege that the "parties resided in Morgan county when the separation took place," but it merely alleges that the separation occurred in Morgan county.

The statute does not authorize the bill to be filed in the county in which the separation occurred, but in the county in which both "parties resided when the separation occurred," though it may have occurred or taken place in a different county or state. It therefore affirmatively appears upon the face of the bill that it was not filed in the proper district, which renders the bill subject to demurrer, or to be dismissed on motion.

It is true that the question of jurisdiction is usually raised by a plea in abatement, and that this is an appropriate mode of presenting this objection; but, when the bill discloses on its face that it is not filed in the proper district or jurisdiction, this renders it subject to demurrer or to be dismissed on motion.—*Harwell v. Lehman,* 72 Ala. 344; *Campbell v. Crawford,* 63 Ala. 392.

There is another rule of pleading and practice which appellant can and does successfully invoke, and that is that pleadings must be construed most strongly against the pleader, and if the pleading in question is susceptible of two constructions, one of which would render it good and the other bad, the latter must be indulged, because it is the one against the pleader.

To say the most that can be said in favor of the bill, even from an advocate's standpoint, it is uncertain in its averment as to the jurisdiction of the court to maintain it; nor can this question of jurisdiction be avoided in this case, so far as the divorce is concerned, by adding other respondents who reside in Morgan county. They, of course, are not material parties, so far as the bill for divorce is concerned. While it is possible that these parties might properly be made parties to this bill, yet, so far as it is necessary to secure the payment of the alimony which may be decreed, they are not necessary parties to a bill for divorce or alimony, nor are they material parties as to the bill for divorce; and it would be unwarranted to allow the statutes which directly specify the districts in which bills for divorce shall be filed to be avoided or evaded by making other and third persons parties respondent, who can be proper parties only when it is shown that it is necessary to secure the payment of a decree for alimony, if such decree should be rendered.

There is no allegation of, nor attempt to show, facts tending to prove that the respondent has conveyed or attempted to convey away his property in order to defeat the complainant's claim for alimony; nor is it shown by the bill that it will be necessary to make other respondents parties to this bill in order to secure the prompt payment of any decree for alimony that may be rendered against the respondent, whether it be alimony pendente lite or permanent. The mere gratuitous conclusion or suggestion that the respondent could dispose of his property is not sufficient.

Both the jurisdiction and the venue of a suit for divorce are determined in this state by section 3801 of the Code, and not by either section 3093 or 6110, for this last section expressly provides that it applies in those cases only in which the venue is not otherwise provided. While section 3093 does not expressly so provide, yet it is certain that it would not control as against a statute which expressly provides the particular jurisdiction and venue as for a specific class of actions, as is done in the case of divorce proceedings. The Code contains a distinct and separate chapter upon the subject of divorce and alimony, which specifies the grounds upon which divorce may be granted, the mode of procedure, etc., and expressly provides, in section 3801, as to the particular courts and districts in which bills may be filed.

Moreover, if it could be said that the other sections of the Code control as to the jurisdiction and venue in divorce proceedings, still it would be unavailing to cure the defect in this case, for the reason that the husband is the only material respondent within the meaning of the statute. It has been frequently held by this court in construing these statutes that "material defendant," as that term is used, means a necessary or indispensable

party, as distinguished from one who is merely a proper party. It is self-evident that the husband is the only necessary party respondent to a proceeding for divorce or alimony. While there may be other proper parties, they are not at all necessary nor indispensable within the meaning of the statute.—*Street v. Selig,* 88 Ala. 535, 7 South. 236; *Lewis v. Elrod,* 38 Ala. 17; *Harwell v. Lehman-Durr,* 72 Ala. 344.

In *Thompson v. State,* 28 Ala. 17, after reviewing other cases on the subject of jurisdiction and venue of suits for divorce, the court said: "From the principle thus laid down in these two cases, it results that jurisdiction over the question of divorce must be allowed to the courts of the domicile; and if the husband has the right to emigrate and acquire a new domicile, which in this country no one will deny, as a consequence he must acquire the right of having his matrimonial status controlled by the laws and judicial tribunals of the country of the new domicile. If the divorce cannot be sought in the acquired domicile of the husband, it could only be sought in the tribunals of the country where the wife might happen to be. Whithersoever the wife might wander, the husband would be compelled to follow, no matter how flagrant her violations of conjugal duty might have been. The obtainment of a divorce would then depend upon the laws of the country where the suit might be brought; and it would thus be in the wife's power to select the country to be sued in. * * * This jurisdiction is by the court correctly restricted to the dissolution of the marriage, and cannot be extended to any incidental pecuniary question or question of alimony. The very principle upon which the jurisdiction is predicated limits it to the subject of divorce."

It thus follows that the bill as to respondent's demurrer should have been sustained. In fact, the bill in.

its present form does not contain equity. We will not, however, dismiss it, for the reason that it may be amended so as to show jurisdiction and venue in the courts of the county of Morgan. Otherwise, the bill would have to be dismissed.

Reversed and remanded.

SIMPSON, ANDERSON, MCCLELLAN, SAYRE, and SOMER-VILLE, JJ., concur. DOWDELL, C. J., not sitting.