21 So.2d 805

**JACKSON v. JACKSON.**

4 Div. 364.

Supreme Court of Alabama.

April 19, 1945.

Jas. A. Mulkey, of Geneva, for appellee.

GARDNER, Chief Justice.

The bill is by the husband against the wife seeking divorce on the ground of voluntary abandonment, and was filed in Geneva County, Alabama, the place of residence of complainant, who is now stationed in the State of Washington as a member of the armed forces of the United States. Defendant is alleged to be now a resident of Lowndes County. Demurrer to the bill was overruled and from the decree the appeal is prosecuted.

The only question here argued relates to the matter of venue, defendant insisting that the bill upon its face discloses it was not filed in the proper district. Title 34, § 28, Code 1940. If such appears upon the face of the bill, the point may be taken by demurrer. .Pucket v. Pucket, 174 Ala. 315, 56 So. 585; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

If, as counsel seems to argue, the bill merely alleged a separation in Geneva County and nothing more, then the language of the Pucket and Hammons cases might be given application. But the bill must be read as a whole, and the rule of construing the pleadings most strongly against the pleader does not require, as we have often stated, a strained and unnatural construction. Warren v. Crow, 195 Ala. 568, 71 So. 92; Camper v. Rice, 201 Ala. 579, 78 So. 923; 16 Ala.Dig. Pleading ☞34(4), p. 61.

Paragraph 3 of the bill discloses that the parties married at Greenville, Alabama, in August, 1939, and a short time thereafter moved to Geneva County, where they lived as man and wife until October 15, 1940, when defendant in Geneva County voluntarily abandoned the complainant, who has not seen or lived with her since.

As observed in the Pucket case, supra, usually the question of jurisdiction should be raised by plea in abatement, and for the question to be presented by demurrer the bill must show upon its face that it is filed in the wrong district. Reason-

T. W. Thagard, of Greenville, for appellant.

ably interpreted, we are of the opinion this cannot be said of the present bill. Complainant's residence is in Geneva County and it was to Geneva County the couple moved and lived until defendant there voluntarily abandoned complainant.

But the averments of the bills considered in Pucket v. Pucket and Hammons v. Hammons, supra, concerning the question of jurisdiction, very widely from those contained in the bill here under review. But without further discussion, we express our conclusion that it cannot be here said the bill discloses upon its face that it was filed in the wrong district.

It follows, therefore, the decree of the court below overruling the demurrer is free from error and will accordingly be here affirmed.

Affirmed.

THOMAS, FOSTER and STAKELY, JJ., concur.