**95 So.2d 81**

**Judye Nell Rickles SHAW**

**v.**

**Charles Gordon SHAW.**

**5 Div. 669.**

Supreme Court of Alabama.

May 9, 1957.

Hodges & Aycock, Ashville, for appellant.

E. Burns Parker, Roanoke, and H. M. Brittain, Wedowee, for appellee.

LAWSON, Justice.

The bill is by the husband against the wife seeking a divorce on the ground of voluntary abandonment and was filed in Randolph County, Alabama, the place of

residence of the complainant. It is alleged that at the time the bill was filed the respondent was residing in Jefferson County. Demurrer to the bill was overruled and from that decree the wife has prosecuted this appeal.

The only question here argued relates to the matter of venue, the respondent wife insisting that the bill upon its face discloses it was not filed in the proper county. § 28, Title 34, Code 1940. If such appears upon the face of the bill the point may be taken by demurrer. Pucket v. Pucket, 174 Ala. 315, 56 So. 585; Hammons v. Hammons, 228 Ala. 264, 153 So. 210; Hooks v. Hooks, 251 Ala. 481, 38 So.2d. 3, and cases cited.

When the husband and wife are both residents of the State of Alabama, divorce proceedings should be filed either in the county where the respondent resides or in the county where the parties resided when the separation occurred. § 28, Title 34, Code 1940; Hooks v. Hooks, supra, and cases cited.

The fourth paragraph of the bill presently under consideration alleges that both parties were residing in Randolph County when the separation occurred. This averment is sufficient to make the bill good as against ground of demurrer taking the point that the bill shows on its face that it was not filed in the proper county. Jackson v. Jackson, 246 Ala. 578, 21 So.2d 805.

Without further discussion, we express our conclusion that it cannot be here said that the bill discloses upon its face that it was filed in the wrong county.

It follows, therefore, that the decree of the court below overruling the demurrer is free from error and will accordingly be here affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.