130 So.2d 367

**M. L. MOORER et al.**

v.

**BETHLEHEM BAPTIST CHURCH and Pilgrim's Rest Cemetery, Inc.**

1 Div. 800.

Supreme Court of Alabama.

May 25, 1961.

Armbrecht, Jackson, McConnell & De-Mouy, Mobile, for appellee.

McCorvey, Turner, Johnstone, Adams & May and Hamilton, Denniston, Butler & Riddick, Mobile, for appellants.

COLEMAN, Justice.

This is an appeal from a decree over-ruling demurrers to a statutory bill to quiet title.

- Complainant is a corporation. Respondents are one corporation and three natural persons. In pertinent part the bill avers as follows:

"2. That your Complainant is in peaceable possession of the following described real estate situated in Mobile County, Alabama, claiming to own the said real estate in its own right in fee simple * * *.

"(Description Omitted)

"3. That complainant acknowledges that both complainant and its predecessors in interest in the lands hereinabove described, executed and delivered to George Gardiner Green those certain Oil and Gas Leases recorded in Deed Book 653 at Page 261 and Deed Book 713 at Page 238 in the records of the Office of the Judge of the Probate Court of Mobile County, Alabama and Complainant does not challenge the force and effect of any assignments, transfers or conveyances of said leases or any interest therein by the said George Gardiner Green." (Par. added.)

The leases referred to in paragraph 3 are not attached to the bill as exhibits, nor does the bill in anywise disclose the contents of the leases.

Respondents (appellants) argue that the averments of paragraph 3 show outstanding oil and gas leases executed by complainant and its predecessors in title whereby the oil and gas interest has been severed from the surface and conveyed or transferred to the oil and gas lessee, so that the bill shows on its face that complainant is not in possession of the oil and gas interest in the land. As a result, say respondents, the bill fails to show that complainant is in possession of the oil and gas interest, and, because the bill seeks to quiet title to the entire interest in the land, which includes the oil and gas, complainant cannot maintain the bill to quiet title to that interest of which complainant does not aver peaceable possession.

Complainant (appellee) contends that an oil and gas lease does not sever the estate in the oil and gas from the estate in the surface, but like any ordinary lease places lessee in possession as tenant; and, in such case the possession of the oil and gas lessee is the possession of his lessor. Consequently, says complainant, the averments of the bill do show that complainant is in possession of the oil and gas and complainant is entitled to maintain the bill to quiet title to the entire interest in the land without joining the lessee as a party complainant.

Respondents contend that the allegations of the bill as to possession and ownership of the fee are followed by allegations showing that complainant had executed oil and gas leases to Green who is not a party to this suit, and the effect of the latter allegation is to negative the allegation of possession of the entire fee in complainant, and thereby to preclude the bringing of a bill to quiet title to the whole fee simple interest by the complainant alone.

Complainant states in brief that the question presented by the demurrer is essentially one involving the non-joinder of necessary parties complainant. Complainant says it is erroneous to suppose that an oil and gas lessee is an indispensable party complainant to a bill to quiet title brought by the lessor.

It thus becomes apparent that respondents seek to have us decide that oil and gas leases, including the particular oil and gas leases referred to in the bill, sever the oil and gas estate from the surface and convey the oil and gas as a separate estate to the lessee. In essence, respondents seek a construction and declaration of the effect of these particular leases. Apparently, complainant also seeks a construction of the leases, although it seeks a construction opposite in effect to that sought by respondents.

In undertaking to construe these leases we are faced at the outset with the fact that the leases are not before us. We do not know what language the leases contain.

■ With reference to the nature of the interest created in the lessee by a coal mining lease, this court said:

"* * * The authorities cited herein clearly show that the question of what estate or interest is granted in these mining contracts is not to be settled by any one particular rule, but that every such instrument is to be construed like any other contract—by its own terms to carry out the intent of the parties. * * *." State v. Roden Coal Co., 197 Ala. 407, 415, 416, 73 So. 5, 9.

So in the instant case, the nature of the interest of the lessee, Green, must be determined by the terms of the leases.

■ We are of opinion that we would be wholly unjustified in presuming to interpret the contents of an oil and gas lease which is not before us. It would probably be unrealistic to say that we are wholly ignorant of the general terms of such instruments, but here the parties seek a determination of the nature and extent of the rights acquired by one of the parties to the contract, which party is not a party to this suit in which the nature of his rights is to be determined. The customs, usages, and course of dealings in a business may sometimes be looked to in a similar business to explain or aid in the interpretation or construction of a contract, but it is settled in Alabama that custom or usage cannot be looked to to prove or establish a contract. City Mortgage & Discount Co. v. Palatine Insurance Co., 226 Ala. 179, 181, 145 So. 490. Other than by taking judicial notice of the customs and usages of the oil industry, there is nothing before us whereby we can learn the contents of the oil and gas leases allegedly executed to Green as lessee. We are of opinion that we cannot extend judicial knowledge to apprise us as

to what the leases recite, and being without knowledge of the terms and provisions of the leases we cannot decide whether they do or do not sever the oil and gas estate from the estate in the surface.

Complainant insists that an oil and gas lease does not convey ownership of the oil and gas to the lessee but merely grants a right to explore for and remove the same, citing among other cases, Sun Oil Co. v. Oswell, 258 Ala. 326, 62 So.2d 783. Statements to that effect do appear in the opinions cited. It is to be noted, however, that in the Oswell case, the lease was set out in the pleadings, which was not done here.

Complainant relies on Miller v. Woodard, 207 Ala. 318, 93 So. 28, 29, as holding that the averment that complainant had executed oil and gas leases on the land did not contradict the averment that complainant was in possession. With respect to the averment of complainant's possession, the opinion points out that possession is not the equivalent of peaceable possession, but says "No specific ground of demurrer challenged the bill, for this failure of averment." We do not understand the case to hold that the averment of possession was sufficient. It does appear to hold that the averment of nonperformance by respondent was sufficient to show the right of complainant to have a forfeiture of the lease. Moreover, the leases were made exhibits to the bill.

We are thus remitted to deciding whether the allegations of paragraph 3 of the bill, when considered on demurrer, negative the averment in paragraph 2 that "Complainant is in peaceable possession" of the land in suit.

■ It is essential to the equity of the bill that its allegations show that complainant is in possession of the interest, whether it be the mineral or the surface rights, the title to which it seeks to quiet. Federal Land Bank of New Orleans v. Vinson, 246 Ala. 95, 18 So.2d 865.

On demurrer, pleadings must be construed most strongly against the pleader, and if the pleading in question is susceptible of two constructions, one of which would render it good and the other bad, the latter must be indulged, because it is the one against the pleader. Puckett v. Puckett, 174 Ala. 315, 319, 56 So. 585, 586.

To maintain a bill to quiet title, possession, actual or constructive, is essential and must be definitely and unequivocally averred. Hobson v. Robertson, 224 Ala. 49, 138 So. 548. A complainant not in actual possession may rely on constructive possession which the law attaches to the legal title in the absence of an actual possession by anyone else. Sanford v. Alabama Power Co., 256 Ala. 280, 54 So.2d 562.

Complainant here avers that it is in "peaceable possession" of the land. Whether that possession be actual or constructive is not averred. The averment is subject to two constructions. It may be construed as stating that complainant is in actual possession or that complainant is in constructive possession. The latter construction is against complainant so we must indulge that construction.

Complainant then proceeds to aver that it and its predecessors have executed "certain Oil and Gas Leases" to Green. Now, if complainant is averring constructive possession, and the averments must be so considered, then complainant must rely on the fact that it holds the legal title to which possession is constructively attached. But complainant avers that it and prior holders of its title have executed oil and gas leases covering the subject land, and that the validity of assignments of those leases is not challenged by complainant. We take it that we must assume that the validity of the leases, according to their provisions, is also not challenged because there would be no reason to admit the validity of the assignment of a lease which was itself invalid.

So we come to the point of deciding whether or not the allegation, that an oil and gas lease is outstanding, can be fairly construed as an allegation to the effect that complainant has parted with its title to the oil and gas interest or estate, title to which complainant now seeks to quiet.

If complainant has not parted with its title to the oil and gas interest, then complainant is in constructive possession of that interest, assuming of course that no one else is in actual possession of that interest. On the other hand, if complainant has parted with its title to the oil and gas interest, then complainant cannot be in constructive possession thereof.

Complainant avers that it has executed a lease, the terms of which we do not know. What are we to assume as to its contents with respect to the title to the oil and gas interest or estate in the land?

Must we conclude that the oil and gas leases to Green do no more than transfer to the lessee, for a term, the right to use the land, so that the lessee is merely a tenant and his possession is that of the landlord; or should we assume that the leases transfer the title to the oil and gas to the lessee, so as to sever the oil and gas estate from the remainder of the fee and constitute the lessee the holder of a possessory estate in the land? If the averments are fairly susceptible of the latter construction, we must adopt that construction because it is against the pleader.

Reference to the text writers and cases discloses a variety of opinions as to the nature of rights created by instruments whereby the owner of land has undertaken to create in another rights relating to oil or gas which may be found in the land. Concerning such instruments one court has said:

"Gas and oil leases and contracts are a part by themselves. There is scarcely any comparison between them and the ordinary farm or house lease, al-

though there is some resemblance in them to coal or solid mineral leases. * * *.

* * * * * *

"In determining the scope and legal effect of an instrument giving rights and privileges to mine or take minerals, oil, or gas, it is immaterial by what name it is called; whether a lease, license, sale, contract, grant, deed of conveyance, a real right, an incorporeal hereditament, a chattel interest, a chattel right, a right in land, or other name; the court will look to the language used in the instrument, aside from these terms so used, and determine its legal effect. The most commonly used term is the word 'lease,' although the other terms given above have been used by the courts." Rives v. Gulf Refining Co., 133 La. 178, 62 So. 623, 624, 625.

A text writer states:

"The situations in which courts have been called upon to determine the nature of the legal interest created by oil and gas leases are many and diverse, involving practically all of the classifications of legal interests and of legal operative acts. Questions have been raised as to whether or not these instruments are deeds, leases, licenses, sales, or optional contracts. Questions have likewise been raised as to whether the interest created by them is corporeal or incorporeal, possessory or nonpossessory, *jus in re propria* or *jus in re aliena*, real or personal, or whether the relation of landlord and tenant has been created. The nature of the remedies of the lessee for the protection of his interests, the taxation of the lessee's legal interest, the power of a guardian to lease his ward's lands for oil and gas purposes, the validity of mechanic's liens on the lessee's interests, the validity of the instrument as satisfying policy rules of conveyances provided by the statute of frauds, homestead acts, and separate property of married women; are the principal instances in which these questions have been presented before the courts.

"From this variety of situations, the peculiarity of the subject-matter, and the varying types of operative acts or legal instruments, it is only natural to expect that there should be a lack of uniformity of decision even within a given jurisdiction. This type of operative act has been held to be a deed, a lease, a sale, a license, and an optional contract, and the legal interest created by them has been held to be a profit *a prendre*, a corporeal hereditament, an incorporeal hereditament, an estate in land, not an estate in land, an estate in oil and gas, not an estate in oil and gas, a servitude, a chattel real, real estate, interest in land, not an interest in land, personal property, a freehold, a tenancy at will, property interest, and the relation of landlord and tenant. * * *." Summers Oil and Gas, Vol. 1A, § 152, pages 366–374.

See also: 58 C.J.S. Mines and Minerals § 195, p. 424; 24 Am.Jur. 544, Gas and Oil, § 39.

This court has held that under a certain mining lease the lessor could not maintain unlawful detainer against the lessee. Adams v. Riddle, 233 Ala. 96, 170 So. 343, 107 A.L.R. 657. That holding appears to be based on the conclusion that the mineral lease did not create the ordinary relation of landlord and tenant.

■ In view of the fact that the term, oil and gas leases, has no definitely ascertained meaning, and the fact that different instruments called by that name have contained different provisions and have received different constructions as to the estate created in the lessee, we are of opinion that, while the averment of the bill

acknowledging the execution of oil and gas leases might be construed as showing that complainant has not parted with title to the oil and gas interest in the subject land, the averment also fairly permits the alternative construction that complainant has parted with title to the oil and gas in the land and therefore with constructive possession of the oil and gas. Adopting the latter construction, we conclude that complainant has failed to aver peaceable possession of the oil and gas and, therefore, cannot maintain its bill.

■ The other ground of demurrer insisted on is that the bill shows that Green is a necessary party and he is not made a party. What we have said with respect to absence of averments to show the provisions of the leases, as bearing on the averment of peaceable possession, applies also to the question of necessary parties. In the absence of knowledge of the provisions of the lease it is difficult to understand how a determination can be made that the lessee is or is not a necessary party. It may be conceded arguendo that the terms of the lease may be such that the lessee is not a necessary party, but certainly, on the other hand, the terms of the lease may be such that the lessee is a necessary party. Under the averments of the instant bill, we are of opinion that the lessee is a necessary party to this suit to determine the ownership of the oil and gas, and the ground of demurrer taking the point that he is not a party was due to be sustained.

Accordingly, the decree overruling the demurrers is reversed, a decree will be entered sustaining the demurrers, and the cause is remanded.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.