ADAMS, Justice.
The Alabama Department of Environmental Management (“ADEM”) petitions this Court for a writ of mandamus directing the Honorable Jack Carl, Jefferson County Circuit Court Judge, to vacate his order transferring to the St. Clair County Circuit Court an action filed by ADEM. We grant the petition.
ADEM filed an action on July 15, 1992, in the Jefferson County Circuit Court against a number of defendants, several of whom do business in Jefferson County. The complaint, pursuant to the Alabama Environmental Management Act, §§ 22-22A-1 to -16, requested the court to enjoin the Water Works and Sewer Board of the City of Birmingham (“the Board”) from exceeding “the hydraulic capacity” of the Moody Wastewater Treatment Plant (“the Plant”) through the addition of new sewerage customers, until the Plant’s sewerage treatment capacity could be increased.[1] Alternatively, ADEM asked the court to oversee the addition of new sewerage services to the Plant. ADEM also named as defendants a number of persons who sought sewerage service from the Board. The Board subsequently impleaded the Town of Moody as a third-party defendant.
James Adkins, one of the defendants who had sought sewerage service for his property located in St. Clair County, moved to transfer the cause to St. Clair County. As grounds for the transfer, Adkins alleged that “the real estate subject of this action is located in St. Clair County” and that Ala.Code 1975, § 6 — 3—2(b)(1), “requires that proceedings of an equitable nature, such as the instant proceeding, must be commenced in the County where the real estate is located.” On October 6, 1992, Judge Carl granted the motion. In his order granting the motion, he stated: “[E]ven though it appears that this Court could hear this case, the Court finds that the sewerage treatment plant and all of the property involved in this case are located in St. Clair County, and, therefore, the ‘Motion to Transfer to Proper Venue’ is due to be granted.”
ADEM has petitioned this Court for a writ of mandamus directing Judge Carl to vacate his order. The Board has filed a brief in *1063 support of ADEM’s petition. These two parties, hereinafter referred to as “the petitioners,” contend that in proceedings instituted by ADEM to enforce provisions of the Alabama Environmental Management Act (“the Act”), venue is controlled not by § 6-3-2(b)(1), but by § 22-22A-5(19). Consequently, they insist, the trial judge was without authority to transfer the cause to St. Clair County pursuant to § 6-3-2(b)(l).
Because the operative facts are not in dispute, the only issue in this case concerns the applicability of § 6 — 3—2(b)(1) in an action commenced by ADEM pursuant to the Act.
Section 6-3-2(b)(l) provides:
“(b) In proceedings of an equitable nature against individuals:
“(1) All actions where real estate is the subject matter of the action, whether it is the exclusive subject matter of the action or not, must be commenced in the county where the same or a material portion thereof is situated.”
Section 22-22A-5 provides in part:
“In addition to any other powers and functions which may be conferred upon it by law, [ADEM] is authorized beginning October 1, 1982 to:
[[Image here]]
“(19) Commence a civil action in the circuit court of the county in which the defendant or any material defendant resides or does business or in which [exists] the threatened or continuing violation of any provision of law identified in subdivision (1) of this section, any rule, regulation or standard promulgated by the department, any provision of any order, or any condition of any permit, license, certification or variance issued by the department.”
The petitioners contend that of the two venue statutes, § 22-22A-5(19) is the more specific; therefore, they insist, under the “principle genemlibus specialia derogant, that is, ... where sections in pari materia are general and specific, the more specific controls the more general,” Ex parte Coffee County Comm’n, 583 So.2d 985, 988 (Ala. 1991), § 22-22A-5(19) controls venue in this case. Adkins concedes that that principle is applicable. However, he contrasts the use of the word “may” in § 22-22A-5(19) with the words “all” and “must” in § 6 — 3—2(b)(1) and, primarily on that basis, concludes that § 6-3 — 2(b)(1) is the more specific of the two statutes. Thus, he contends, § 6-3-2(b)(l) controls venue in this case.
We disagree with Adkins’s characterization of these statutes. The specificity of a venue statute, as it relates to the statute’s applicability to a particular action, is determined less by its strict terminology than by its juxtaposition in the Code with the specific subject matter giving rise to the action. For example, in Pucket v. Pucket, 174 Ala. 315, 56 So. 585 (1911), we addressed the relationship between Ala.Code 1907, § 3093, the predecessor of § 6-3-2(b), and § 3801, the predecessor of § 30-2-4, which specifically provides for venue in divorce actions. Mrs. Pucket sued for a divorce in Morgan County. She sought to confer jurisdiction and venue upon the court in Morgan County pursuant to § 3093 by joining as defendants Morgan County residents, who, she alleged, were “material” for the purpose of securing a payment of alimony. 174 Ala. at 319, 56 So. at 586.[2] Mr. Pucket, who resided in Jefferson County, objected to jurisdiction and venue in Morgan County, on the ground that § 3801, which was codified in the chapter specifically regulating procedure in divorce actions, controlled the issue of venue in such actions.[3]
*1064 This Court agreed with Mr. Pueket, explaining:
“[I]t is certain that [§ 3093] would not control as against a statute which expressly provides the particular jurisdiction and venue as for a specific class of actions, as is done in the case of divorce proceedings. The Code contains a distinct and separate chapter upon the subject of divorce and alimony, which specifies the grounds upon which divorce may be granted, the mode of procedure, etc., and expressly provides, in section 3801, as to the particular courts and districts in which bills may be filed.”
174 Ala. at 320, 56 So. at 586-87 (emphasis added).
This Court’s analysis in Pueket illustrates the application of the rule cited in Ex parte Coffee County Comm’n, and that analysis controls in this case. That § 6-3-2 is codified in chapter three on “Venue,” under article one, which is entitled “General Provisions,” is not without significance. Indeed, § 6-3-2 and its predecessors have supplied Alabama’s general venue provisions since the Code of 1852.
By contrast, § 22-22A-5(19) was enacted in 1982 as part of legislation creating AJDEM and defining its powers; that legislation expressly empowered AJDEM to “improve the ability of the state to respond in an efficient, comprehensive and coordinated manner to environmental problems, and thereby assure for all citizens of the state a safe, healthful and productive environment.” Section 22-22A-2. The Act assigns AJDEM the responsibility “to insure that government is responsive to the needs of the people and sufficiently flexible to meet changing conditions.” Section 22-22A-2(l) (emphasis added). The venue provision, which authorizes AJDEM to “[c]ommence a civil action in the circuit court of the county in which the defendant or any material defendant resides or does business or in which [exists] the threatened or continuing violation of any provision of law identified in subdivision (1)”[4] (emphasis added), was tailored especially to the enforcement of the Act’s mandate, and, to that end, affords ADEM considerable leeway in choosing a forum. Thus, as to actions initiated by ADEM pursuant to the Act, § 22-22A-5(19) — which comprises an integral part of the Act — must be considered the more specific of the two venue provisions at issue in this case.
Moreover, Adkins’s position is untenable for a more pragmatic reason. He contends, in effect, that § 6-3-2(b)(l) is the controlling venue provision because, he says, the availability of sewerage service is a valuable property right appurtenant to real estate. However, if actions by ADEM pursuant to the Act are converted into “actions where real estate is the subject matter of the action”— thus invoking the application of § 6-3-2(b)(1) — merely by the fact that sewerage service is, or may be, sought for a parcel of real estate, then § 22-22A-5(19) would effectively be deprived of any sphere of operation whenever ADEM’s action involved a sewerage issue. We think the legislature could not have intended such a result, especially in view of the extensive regulatory powers granted ADEM to effectuate the purposes of the Act. We must conclude, therefore, that the proper venue for this action is determined by § 22-22A-5(19).
At this point, we must note that Adkins does not contend that venue is improper in Jefferson County if § 22-22A-5(19) applies.[5] See Ala.R.Civ.P. 82(d) (providing for transfer of an action where venue is improper). Nor does he argue that the trial judge’s order transferring the cause was a proper exercise of discretion pursuant to Ala.Code 1975, § 6-3-21.1(a), which authorizes transfer from a proper forum “for the convenience *1065 of parties and witnesses, or in the interest of justice.” Furthermore, the trial court made no finding or determination that the transfer of the action to St. Clair County would promote justice or fairness; therefore, § 6-3-21.1, the “forum non conveniens” statute, is not implicated in this case. Because § 22-22A-5(19) controls the issue of venue in this case, and because venue in Jefferson County was proper pursuant to that section, the transfer of the action to St. Clair County was unauthorized.
A writ of mandamus will issue to enforce a “clear, legal right in the petitioner to the order sought.” Ex parte Izundu, 568 So.2d 771, 772 (Ala.1990). The petitioners have demonstrated such a right in this case; therefore, we grant their petition.[6]
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY and INGRAM, JJ., concur.

. The Board, on March 25, 1992, purchased the Plant from the Town of Moody, and it has operated the Plant since that date.

. Section 3093 in pertinent part provided:
"The bill must be filed in the district in which the defendants, or a material defendant, resides; ... or if real estate be the subject-matter of the suit, whether it be the exclusive subject-matter of the suit or not, then in the district where the same, or a material portion thereof, is situated.”
(Emphasis added.)

. Pursuant to § 3801, jurisdiction and venue were proper in "the chancery district in which the defendant residfed], or in the district in which the parties resided when the separation occurred.” Because the parties were residing in Jefferson County when the separation occurred and Mr. Pucket was residing in Jefferson County when Mrs. Pucket filed her bill for divorce, only the controlling application of § 3093, in conjunction with a determination that the parties joined by Mrs. Pucket were "material,” could have conferred jurisdiction and venue upon a court in Morgan County.

. Section 22-22A-5 authorizes ADEM to do the following:
"(1) Administer appropriate portions of sections 9-7-10 through 9-7-20, which relate to permitting, regulatory and enforcement functions; administer and enforce the provisions and execute the functions of chapter 28 of this title; chapter 22 of this title; article 2 of chapter 23 of this title; chapter 30 of this title; appropriate portions of article 1 of chapter 27 of this title; sections 22-24-1 through 22-24-11; sections 22-25-1 through 22-25-15; and sections 22-36-1 through 22-36-10.”

. On the contrary, the trial judge concluded, and correctly so, that venue was proper in Jefferson County.

. Of course, we express no opinion regarding the merits of the underlying action.